## WALSH v. VAKY et al. (No. 7288.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1925.)

**Appeal and error** ⊜⇒1011(1)—**Court's findings of fact held entitled to weight of jury verdict.**

In action by contractor on building contract, wherein various cross-actions were filed by and against defendant, surety on building contract bond, and certain mechanic's lien claimants, case being purely one of controverted facts, trial court's findings *held* entitled to weight of jury verdict, in view of his opportunity to see contract, bond, letters, and depositions, and see and judge of credibility of witnesses.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by J. E. Walsh against Peter Vaky, in which defendant Vaky filed cross-actions

against plaintiff and others. From a judgment against plaintiff in his action and in favor of defendant in his cross-action, plaintiff appeals. Affirmed.

E. P. Scott, of Corpus Christi, and D. F. Strickland, of Mission, for appellant.

Boone & Savage, of Corpus Christi, for appellees.

COBBS, J.   Appellant brought this suit against appellee to recover on a building contract, claiming that the building had in all respects been finished and completed in accordance with the terms of the contract, and presented his account as a "final and complete estimate of the Vaky Apartment building," in which he claimed a balance to be due him of $5,790.69.

From time to time during the progress of the work, the contractor furnished to the owner written estimates, purporting to show the amount expended generally for labor and materials and other costs of the construction of the building during the period of time covered by such estimates and the owner paid to the contractor the amount of each estimate when presented or shortly thereafter, except the last on which he paid all except $751.91. These estimates, as presented and paid, included 5 per cent. commission to the contractor. The owner paid to the contractor on these estimates the sum total of $49,416.40; $861.60 less than the entire guaranteed price.

At the time this account was presented, two materialmen were asserting claims against the contractor and threatening to fix liens on the owner's property therefor; Lynch Davidson & Co. for a claimed balance against the contractor of $1,336.95, and F. G. Cech & Co. for a claimed balance against the contractor of about $3,060. The owner declined to pay the demand asserted against him by the contractor, but offered to pay whatever, if anything, he really owed him on the contract price for authorized changes or extras, and declined to pay the claims asserted by the materialmen or to pay the contractor until he settled with the materialmen. Thereupon the contractor on or about January 17, 1923, filed what purported to be a mechanic's lien in the office of the county clerk of Nueces county against the property of the owner, and Lynch Davidson & Co., on or about March 8, 1923, filed in the office of said clerk a verified account, which it asserted as a lien against the property of owner. Thereafter, on January 30, 1923, the contractor, as plaintiff, filed this suit to recover the amount demanded by him, interest and costs.

The defendant filed his first amended original answer and cross-action on July 24, 1923, in which he admitted the execution of the contract, as stated, alleged that plaintiff had guaranteed that the actual cost should not exceed $50,278, including his fee; that defendant had agreed to pay plaintiff his fee of 10 per cent. by paying 5 per cent. on estimates every two weeks and the remaining 5 per cent. on completion of the building and to reimburse plaintiff for all labor actually engaged on the work, for drayage and hauling, telephone, telegrams, expressage, etc., permit fees, sheds and platforms, maintenance of equipment, and materials, and was not to reimburse the contractor for any salary or office employees or for overhead or general expenses; that plaintiff did not complete said building in accordance with the terms and conditions of said contract and with the plans and specifications therefor; that defendant did not know until on or about June 1, 1923, that plaintiff had not erected and completed said building in accordance with the plans and specifications and duly authorized changes; that defendant had made payments as agreed from time to time upon the representations and statements of plaintiff that he was due such amounts on estimates, and that he would have paid the total consideration called for in the contract in the belief that plaintiff had complied therewith had the materialmen not asserted their claims; that plaintiff had not furnished any extras which were not paid for by defendant; and that he was not liable to plaintiff in any sum whatsoever for or on account of any extras furnished by plaintiff or agreed by defendant to be paid plaintiff, and prayed that plaintiff take nothing by his suit.

Defendant then asserted a cross-action against plaintiff, his surety on the building contract, National Surety Company, Lynch Davidson & Co., F. G. Cech and wife, Mary Cech, composing the partnership of F. G. Cech & Co., in which, as to plaintiff and his surety, defendant sought damages for failure of plaintiff to comply with his contract and erect and complete the building in accordance with the plans and specifications and authorized changes, and for the price as agreed. Defendant claimed that, without his knowledge or consent, the first floor of said building was made 6 inches lower than called for in the plans and specifications, the basement was constructed 1 foot 4 inches less in height than called for, and the foundation on both wings was raised 15 inches about 50 feet from the east ends, which affected the value of the building, and, as to plaintiff and other defendants in the cross-action, he sought cancellation of alleged mechanic's and materialmen's liens asserted by them against him; plaintiff for the amount he claimed against defendant, and said defendants each for materials claimed by them to have been furnished to plaintiff and used in defendant's building. He prayed judgment against plaintiff and his surety for damages, and that, in the event Lynch Davidson & Co. and F. G. Cech & Co. were al-

lowed any recovery against him, he in turn have judgment against plaintiff and his surety, and that he have judgment canceling the alleged mechanic's and materialmen's liens and the cloud cast on his title to said lands and premises by reason thereof.

Lynch Davidson & Co., filed an answer to defendant's cross-action and in turn sought to recover against plaintiff and his surety and defendant Vaky the amount of the balance claimed by it on its account for material alleged to have been furnished to plaintiff, and claimed that same were furnished to defendant through Walsh as his representative and that notice was given of the items as delivered and sought to establish and foreclose the alleged materialmen's lien on the lots and improvements of defendant Vaky.

To the answer and cross-action of Lynch Davidson & Co., defendant Peter Vaky made denial under oath of any alleged agency of plaintiff for him, and made denial of the receipt of any notices of any bills for materials as alleged by said defendant, and he specially denied that any itemized account was furnished to him within 90 days after the same was alleged to have become due.

National Surety Company in its answer adopted all the allegations of plaintiff's pleading and pleaded the clause in its bond as to notice and alleged that same had not been complied with, etc., and claimed release from liability by reason of the clause in the contract as to notice of changes or alterations, etc.

Defendant Vaky filed a supplemental answer in reply to the first amended original answer of the defendant surety company, in which, among other things, he specially pleaded compliance with the terms and provisions of the bond and the requirements thereof as to notice to the surety.

During the trial of the case defendant Vaky filed a trial amendment, charging that plaintiff did not construct and erect the building according to the plans and specifications and authorized revisions and changes, in the further respect that he did not use shell concrete of the strength called for, to wit, a mixture of 1 to 5, but used a mixture of 1 to 7, or less, by reason of which cracks had developed in the building, and its strength and durability had been lessened and impaired to the extent of at least 30 per cent. and, its value depreciated to at least 30 per cent. and thereby defendant Vaky had been damaged in the sum of, to wit, $10,000.

On trial by the court, without a jury, judgment was rendered that plaintiff, Walsh, take nothing by his suit against the defendant Vaky and that defendant Vaky on his cross-action recover of plaintiff, as principal, and National Surety Company, as surety, the sum of $803.55, with interest from the date of the judgment until paid at the rate of 6 per cent. per annum and all costs incurred, and that defendant Lynch Davidson & Co., on its cross-action recover from plaintiff, J. E. Walsh, as principal, and National Surety Company, as surety, the sum of $1,336.95, with interest at the rate of 6 per cent. per annum from January 1, 1923, until paid, and all costs; that said defendant Lynch Davidson & Co. take nothing by its cross-action against defendant Peter Vaky, removing the cloud cast upon the title of defendant Vaky to the lots upon which said building was erected by the assertion and filing by defendant Lynch Davidson & Co. and F. G. Cech & Co., respectively, of the materialmen's liens in the office of the county clerk of Nueces county and the recording of the same, and adjudging costs in favor of defendant Vaky. To this judgment plaintiff and the defendants National Surety Company and Lynch Davidson & Co. each excepted and gave notice of appeal. The defendant F. G. Cech & Co. filed no answer in the cause and made no objections to the judgment rendered.

Both parties admit this to be purely a controverted fact case and one in which no questions of law are involved, and neither cites authorities.

We have carefully read the very full and exhaustive findings of fact and law of the trial court, which we approve and would set out in full were they not so long. But they are complete and dispose of every question in the case and in that are supported by the testimony.

The burden of proof is on appellant to point out where in the findings of fact of the court material error was committed in some finding.

The trial court had before it the written testimony, the contract, the bond, the letters, and the depositions of witnesses; heard appellant, Walsh, himself, and his witnesses and employees during the construction of the building; and heard the testimony of appellees and other witnesses. The trial court was in the position of a jury to hear, see, and judge of the credibility of witnesses and the weight to be given to their testimony. It would serve no useful purpose to set out the testimony upon which the findings of the court are based, besides it would require too much space and make this opinion too long.

This case has been fairly tried, and no error of law has been shown to have been committed; therefore the judgment is affirmed.